**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 16-** |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | |
| | : | **18 U.S.C. § 2314** |
| **TAMARA KUKLA,** | : | (Transportation of stolen goods, |
| | : | securities, moneys, fraudulent State tax |
| | : | stamps, or articles used in counterfeiting) |
| | : | |
| **Defendant.** | : | **FORFEITURE:** |
| | : | **18 U.S.C. § 981(a)(1)(C);** |
| | : | **28 U.S.C. § 2461(c); and** |
| | : | **21 U.S.C. § 853(p)** |
| | : | |

## INFORMATION

The United States Attorney charges that:

### Introduction

1. Organization A was a not-for-profit organization headquartered in Washington, D.C. whose membership was composed of individuals in the legal field who advocated primarily on behalf of plaintiffs' rights.

2. From in or about May 2009 through in or about December 2011, defendant Tamara Kukla was the "Director of Membership" at Organization A. Defendant KUKLA's duties and responsibilities included, among others, formulating and executing marketing plans designed to maintain and increase Organization A's membership rolls.

3. Organization A provided defendant KUKLA with a credit card (the "Credit Card") to assist her with her duties and responsibilities. On or about October 13, 2009, KUKLA initialed Organization A's credit card policy and procedure form acknowledging her understanding that the objectives for use of the credit card included: (a) allowing Organization

A's staff to have access to efficient and alternative means of payment for approved expenses, especially expenses related to business travel and office supplies; (b) improving managerial reporting related to credit card purchases; and (c) improving efficiency and reducing the costs of processing payables.

4. On or about November 9, 2009, defendant KUKLA executed a cardholder agreement with Organization A in which she acknowledged, among other things: (a) receipt of the Credit Card; (b) her understanding that by using the Credit Card she was making financial commitments on behalf of Organization A, and that Organization A was liable to the financial institution that issued the Credit Card for charges incurred on the Credit Card; and (c) her understanding that the Credit Card was not to be used for personal purchases.

### The Conduct

5. Beginning in or about October 2009 and continuing through in or about December 2011, defendant KUKLA devised and intended to devise a scheme to defraud Organization A, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises in the approximate amount of $248,755.08.

6. It was part of the scheme to defraud that defendant KUKLA used the Credit Card for personal purchases and expenses and provided false descriptions of these purchases and expenses as work-related expenses so that Organization A would pay for them. These unauthorized purchases and expenses included, among others, personal expenses related to travel, transportation, hotel lodgings, retail purchases, meals, food, and entertainment.

7. It was further part of the scheme that defendant KUKLA, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce hundreds of payments from Company A's bank account

to the financial institution that issued the Credit Card for personal charges KUKLA incurred on the Credit Card ending in 6034. KUKLA regularly used her company Credit Card to purchase thousands of dollars in goods from Giant Food Inc., Safeway, Target, liquor stores, home furnishing stores and websites, Staples, and Amtrak. Moreover, KUKLA regularly used the Credit Card to purchase Amex giftcards in increments exceeding $1,000 from retail stores. During period of the scheme, these unauthorized purchases totaled approximately $232,081.

8. Moreover, in furtherance of the scheme, KUKLA accumulated approximately $16,673 in graphic design and printing services from a Maryland vendor, Automated Graphic Systems, for personal purposes, and caused the company to render payment for the services provided to KUKLA.

## COUNT ONE
### (Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting)

9. Paragraphs one through nine are re-alleged and incorporated by reference as if fully set forth herein.

10. From on or about May 2009 through in or about December 2011, the exact dates being known and unknown, in a continuing course of conduct, in the District of Columbia and elsewhere, the defendant, Tamara KUKLA, did, knowingly and willfully devise a scheme to defraud Company 1, and to obtain money or property of Company 1 by materially false and fraudulent pretenses, representations, and promises. On or about September 19, 2011, in the District of Columbia and elsewhere, for the purpose of executing the aforementioned scheme and artifice and attempting to do so, the Defendant transmitted or caused to be transmitted in interstate commerce a fraudulent payment of $6,234.71 to AGS from Company 1's bank in

Washington, D.C. to Bank of America in Texas.

**(Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting, in violation of 18 U.S.C. 2314)**

## FORFEITURE ALLEGATION

1.  Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $248,755.08.

2.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the

value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

                              CHANNING PHILLIPS
                              UNITED STATES ATTORNEY

By: _____
      MERVIN A. BOURNE, JR.
      D.C. Bar No. 490175
      Assistant United States Attorney
      555 4th Street, N.W.
      Washington, D.C. 20530
      (202) 252-6979 (telephone)
      Mervin.Bourne@usdoj.gov (email)